Argued February 25, affirmed March 23, 1972
WEBSTER (No. 71-3253), *Appellant, v.* STATE
ACCIDENT INSURANCE FUND, *Respondent.*
495 P2d 50

*Evohl F. Malagon,* Eugene, argued the cause for
appellant. With him on the briefs were Coons & Mala-
gon, Eugene.

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for respondent. With him on the
brief were Lee Johnson, Attorney General, and John
W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and
FOLEY, Judges.

SCHWAB, C. J.
In this workmen's compensation case claimant con-
tends that he is suffering from an aggravation of an

injury sustained on November 7, 1968. The hearing officer found in his favor; the Workmen's Compensation Board and the circuit court found against him. For the reasons which follow we agree with the conclusions of the Board and the circuit court.

The claim arising out of the November 1968 injury was closed with an award for temporary disability, but with no award for permanent disability. Not long thereafter, claimant went to work for a different employer, and on March 27, 1969, suffered another back injury which was closed in like manner to the first claim. In both instances he was treated by a Dr. Ellis, the only doctor to testify in person at the hearing in this case. Dr. Ellis testified that in his opinion the symptomatology claimant alleged at the time of the hearing did not stem from the 1968 injury.

The record shows that during the summer of 1969, claimant worked for still another employer, and that employer testified that claimant did not appear to have any physical trouble while working for him.

In January of 1970, claimant saw Dr. Ellis, complaining of back pains from "housecleaning." In February of 1970, Dr. Ellis treated claimant for back pains and referred him to a Dr. Baker, an orthopedic surgeon, who ultimately concluded that "his present symptoms are not related to an industrial injury but are related to * * * rheumatoid spondylitis." Dr. Baker also indicated that any disability from this was minimal.

On June 6, 1970, claimant again saw Dr. Ellis about pain in his back. At that time Dr. Ellis noted fresh bruises, indicating a recent injury. Claimant made no satisfactory explanation of the cause of these bruises, either to Dr. Ellis or at the hearing. We note

that the hearing officer in his findings and conclusions makes no mention of the evidence indicating a 1970 back injury and the lack of any explanation by the claimant.

Apparently being dissatisfied with the findings of Drs. Ellis and Baker, claimant consulted two other doctors, Cohen and Rinehart, who reported that based on examination and history they concluded he was suffering from the consequences of his 1968 injury. The histories on which these reports are based differ from the history given by claimant to Dr. Ellis and that given to Dr. Baker in that they describe pain continuing uninterrupted from 1968, and do not mention the mysterious back bruises in 1970, or other details given by claimant to Drs. Ellis and Baker.

A report from a fifth doctor, a member of the staff of the State Accident Insurance Fund, concluded that claimant had no significant disability.

The claimant has failed to sustain his burden of proof.

Affirmed.